UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND J. O'TOOLE, JR.,              CASE NO.:

        Plaintiff,                              6:13-cv-849-ORL-36 GJK

v.

FORD MOTOR COMPANY GENERAL
RETIREMENT PLAN ADMINISTRATOR,

        Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Raymond J. O'Toole, Jr., who brings this action under the Employee Retirement Income Security Act of 1974 and states:

### COUNT I.

1. This is an action for determination of the correct amount of payments for pension benefits. This action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) which provides for an ERISA plan participant to bring a civil action to "enforce his rights under the terms of the plan, or to clarify his rights as to future benefits under the terms of the plan".

2. This Court has jurisdiction pursuant to 29 U.S. C. § 1132 and 29 U.S.C. § 1132(e)(1).

3. The Plaintiff, Raymond J. O'Toole, Jr., is a resident of Brevard County, Florida and is a plan participant and beneficiary of a defined benefit plan which is currently being administered by Defendant.

4. Defendant, Ford Motor Company General Retirement Plan Administrator, is a proper

party Defendant, as present administrator of pension benefits which are the subject of this

lawsuit.

   5.  In the action styled, "Raymond J. O'Toole, Jr., Plaintiff v. Mary M. O'Toole,

Defendant", State of Michigan, in the 39th Judicial Circuit Court for the County of Lenawee, File

No.: 83-05-5605-DM a Judgment of Divorce was entered on April 17, 1985. In that judgment,

under the headings, "Property Settlement and Provisions in Lieu of Dower", paragraph B.3., the

Court stated:

> "Plaintiff has acquired a vested interest in his pension plan with the Ford
> Motor Company. Defendant is awarded one half (1/2) of this pension
> plan (excluding consideration of the TRASOP stock awarded to Plaintiff
> above), to the extent that Plaintiff's interest is vested as appraised by
> J.L. Vincent on October 8, 1984. A copy of this appraisal is attached and
> labelled  Exhibit B. Any increase in value of Plaintiff's interest in said
> pension plan after dates considered in said appraisal shall remain the sole
> property of Plaintiff.
>
> Defendant shall receive her interest in said pension plan at the time monthly
> benefits are paid to Plaintiff upon retirement. When Plaintiff retires, the
> parties shall calculate the monthly benefit Plaintiff would have received if
> if he had ceased employment with Ford Motor Company on the last date
> considered in said appraisal. In accordance with the date of Plaintiff's
> actual retirement, one half of such monthly benefit shall be payable directly
> to Defendant, or as Defendant designates, by the pension plan administrator.
> The balance of Plaintiff's benefits shall be payable to Plaintiff, as Plaintiff
> designates".

   Plaintiff provides a certified copy of this Judgment of Divorce as **Exhibit "A"** to this

Complaint.

   6.  Essential to this Court's decision in this cause is the appraisal of J.L. Vincent on

October 8, 1984 for the divorce court.  Mr. Vincent was known to be the "Ford Visteon

Salaried Plan Administrator".  Mr. Vincent provided an "appraisal" dated October 8, 1984 for

Case 6:13-cv-00849-CEH-GJK   Document 1   Filed 06/03/13   Page 3 of 6 PageID 3

the divorce Court's consideration, attached to the Judgment of Divorce as Exhibit "B". This document is also attached to the suit herein as **"Exhibit "B"**.

7.  A Qualified Domestic Relations Order (Ford General Retirement Plan) was entered On April 9, 2001, State of Michigan, in the 39th Judicial Circuit Court for the County of Lenawee, in the divorce file known as O'Toole v. O'Toole, File No.: 83-05-5605-DM, a copy of said QDRO is attached as **Exhibit "C"**. The QDRO provides in paragraph 1.a., "The amount payable to the Alternate Payee shall equal fifty (50%) percent of the benefit computed as of December 31, 1983".

8.  The QDRO's reference to computed as of December 31, 1983 is a reference to the appraisal dated October 8, 1984 from J.L. Vincent of Ford Motor Company. This appraisal states in the opening sentence, "In response to a request for pension data for the captioned employee, our General Retirement Plan records show the following as of 12-31-83..."

9.  The Plaintiff's estimated monthly benefit at age 65 based on service through 12-31-83 is $469.50.

10. The Plaintiff retired in June 2001 at the age of 59 (DOB: April 18, 1942) after thirty years of creditable service. However, the benefit of the former wife was determined as of December 31, 1983 which is evident by the fact: (1) that in the Judgment of Divorce it states: "when Plaintiff retires, the parties shall calculate the monthly benefit Plaintiff would have received if he had ceased employment with Ford Motor Company on the last date considered in "said appraisal". The date considered in the said appraisal of J.L. Vincent on behalf of Ford Motor Company was December 31, 1983; (2) the Judgment of Divorce also states, "Any increase in value of Plaintiff's interest in said pension plan after dates considered in said appraisal shall remain the sole property of Plaintiff". The dates considered in said appraisal was

3

December 31, 1983 which valued Plaintiff's interests as of that date so all increases thereafter are the sole property of the Plaintiff; and (3) the QDRO entered on April 9, 2001 states the amount payable to the Alternate Payee shall equal fifty (50%) percent of the benefit computed as of December 31, 1983.

11. Fifty percent of the benefit computed as of December 31, 1983 results in a monthly sum of $234.75, the total monthly benefit for Plaintiff determined as of December 31, 1983 being $469.50.

12. Based on information and belief the former wife, Mary M. O'Toole, is receiving $556.00 in monthly benefits.

13. The discrepancy in benefit payments has deprived the Plaintiff of full benefits he is entitled and is a continuing violation of the law as the pension plan administrator has not properly applied the law to the true facts of the divorce, the QDRO, and the plan provisions.

14. The Plaintiff seeks the benefits he has been deprived of as authorized by law.

15. The Plaintiff seeks this Court's determination to determine the correct amount of pension benefits the Plaintiff is entitled to considering the applicable plan, applicable law, and the Judgment of Divorce and QDRO.

16. The Plaintiff has exhausted his administrative remedies by submissions to the Administrator, challenging, to no avail, the benefits he was receiving and the amount set aside from Plaintiff's pension benefit to pay the former wife.

17. The Plaintiff is not aware of any deferential treatment to be provided by the Court to the administrator of the pension plan for the determinations that are being challenged herein. Therefore, this case should proceed de novo before the Court. In any event, the actions and

4

decisions of Defendant are arbitrary and capricious since the benefits being paid are a result of a misapplication of the law to the undisputed facts.

18. The Plaintiff has retained the undersigned attorney and has agreed to pay him reasonable attorney's fees. The Plaintiff seeks an award of attorney's fees based on all the factors enumerated under ERISA.

WHEREFORE the Plaintiff, Raymond J. O'Toole, Jr., requests this Court to issue injunctive and declaratory relief under ERISA; make a determination of the correct monthly benefits to be distributed to the former wife; enter judgment for the difference between the payments made to the former wife and the correct amount that should have been distributed as a reimbursement to Plaintiff as allowed by law; that future payments made by Defendant be the proper amount as determined by this Court; award Plaintiff reasonable attorney's fees and court costs; and provide such and further relief as this Court is empowered under ERISA.

BOGIN, MUNNS & MUNNS, P.A.
Attorneys and Counselors at Law
2601 Technology Drive
Orlando, FL 32804
Telephone: 407/578-1334
Facsimile: 407/578-2181
E-mail: egay@boginmunns.com

By: _____
Edward R. Gay, Of Counsel
Fla. Bar No. 342084
Trial Counsel for Plaintiff

Raymond J. O'Toole, Jr.
Plaintiff

STATE OF FLORIDA:
COUNTY OF BREVARD:

        BEFORE ME, the undersigned officer, duly authorized to administer oaths and take
acknowledgments, personally appeared RAYMOND J. O'TOOLE, JR.,

_____ who is personally known;
___✓___ who is not known to me but who produced a _F/ DRIVER LIC_
        as identification;
_____ who did take an oath;
___✓___ who did not take an oath;

who after being sworn by me, deposes and says that he has read the contents and they are true
and correct.

        SWORN TO AND SUBSCRIBED this _29TH_ day of _APRIL_, 2013.

_Joan S. Lehnert_
Notary Public
My Commission Expires

        JOAN S. LEHNERT
        MY COMMISSION # EE 028871
        EXPIRES: September 23, 2014
        Bonded Thru Budget Notary Services

6