**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RAYMOND J. O'TOOLE, JR.,

      Plaintiff,

v.                                                Case No: 6:13-cv-849-ORL-36-CEH-GJK

FORD MOTOR COMPANY, GENERAL
RETIREMENT PLAN ADMINISTRATOR,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Gregory J. Kelly on November 5, 2013. Doc. 30. In the R&R, Judge Kelly recommends denying Defendant Ford Motor Company, General Retirement Plan Administrator's ("Ford Retirement Plan Administrator") Motion to Dismiss ("Motion") (Doc. 11) on the ground that Plaintiff Raymond J. O'Toole, Jr. ("O'Toole") sufficiently alleged exhaustion of administrative remedies. Doc. 30 at 7. The Ford Retirement Plan Administrator filed Objections to the R&R ("Objections") (Doc. 32), to which Mr. O'Toole filed a response in opposition ("Objections Response"). Doc. 36. The Ford Retirement Plan Administrator then filed a reply ("Objections Reply"). Doc. 39.

The Court agrees with the Magistrate Judge that Mr. O'Toole has adequately alleged exhaustion of administrative remedies. Doc. 30 at 7. Therefore, after careful consideration of the R&R, in conjunction with an independent examination of the record, the Court is of the opinion that the R&R should be adopted, confirmed, and approved in all respects.

I. **BACKGROUND**

    A. **Statement of Facts[1]**

On June 3, 2013, Mr. O'Toole filed this action, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), as a plan participant and beneficiary of a defined benefit plan, seeking a determination of "the correct amount of payments [to be paid from his] pension benefits" under a plan currently administered by Defendant Ford Retirement Plan Administrator. Doc. 1 ¶¶ 1–3. Mr. O'Toole claims that when he retired in 2001, the Plan Administrator erroneously calculated the portion of Mr. O'Toole's benefits that his ex-wife was entitled to under a 1985 Judgment of Divorce ("Divorce Judgment"), and a 2001 Qualified Domestic Relations Order ("QDRO"). *Id.* ¶¶ 5–13. Both the Divorce Judgment and QDRO state that the portion that Mr. O'Toole's ex-wife is entitled to is calculated as half of the monthly benefits Mr. O'Toole would have received if he had retired on December 31, 1983. *Id.* ¶¶ 5–10. These benefit values are based on his retirement fund's total value as of December 31, 1983, which was determined by an appraisal dated October 8, 1984. *Id.* Based on that appraisal, Mr. O'Toole claims his ex-wife should be receiving $234.75 each month. However, instead she has been receiving $556.00 in monthly benefits paid out by the Ford Retirement Plan Administrator. *Id.* ¶ 12. Thus, Mr. O'Toole claims that there has been a miscalculation by the Ford Retirement Plan Administrator, and each miscalculated payment made to his ex-wife is a continuing violation that deprives him of the full benefits he is entitled to receive. *Id.* ¶ 13.

---

[1] The following statement of facts is derived from Mr. O'Toole's Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

### B.     Procedural History

In his Complaint, Mr. O'Toole alleges, in relevant part, that he has "exhausted his administrative remedies by submissions to the Administrator, challenging, to no avail, the benefits he was receiving and the amount set aside from [his] pension benefit to pay [his] former wife." *Id.* ¶ 16.

On July 18, 2013, the Ford Retirement Plan Administrator filed the instant Motion seeking to dismiss the Complaint. Doc. 11. In it, the Ford Retirement Plan Administrator asserts that the Complaint is factually insufficient to survive a motion to dismiss because it contains a "bare-bones conclusory allegation that [Mr. O'Toole] has exhausted his [administrative] remedies." *Id.* at 4. Therefore, because of this alleged insufficiency, the Ford Retirement Plan Administrator requested that the Complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11 at 7.

On August 5, 2013, Mr. O'Toole filed a response to the Motion, but in it, he does not address the sufficiency of his exhaustion of administrative remedies allegation. *See* Doc. 13. Instead, Mr. O'Toole explains how he has exhausted his administrative remedies. *Id.* at 1. He also argues that, even if he has failed to exhaust such remedies, his belief that he had done so was reasonable under the circumstances. *Id.* As evidentiary support for these two arguments, Mr. O'Toole attached his own affidavit and several relevant communications. *Id.* ¶¶ 1–6, Exs. A–D.

The Ford Retirement Plan Administrator filed a reply to the response on September 3, 2013. Doc. 21. In it, the Ford Retirement Plan Administrator argues that Mr. O'Toole's evidence demonstrates his failure to exhaust administrative remedies and that his claim is barred by the statute of limitations. *Id.* at 3–9. On these bases, the reply sought dismissal of the Complaint with prejudice. *Id.* at 6. Mr. O'Toole submitted a surreply brief on October 18, 2013, arguing that the continuing violation theory shields his claim from the statute of limitations. Doc. 28.

In the R&R, the Magistrate Judge reasoned that the exhaustion of administrative remedies requirement is a condition precedent and, thus, may be alleged generally, pursuant to Federal Rule of Civil Procedure 9(c),[2] and that it was sufficiently alleged in the Complaint. Doc. 30 at 5–7. Judge Kelly declined to consider any evidence extraneous to the pleadings or related arguments presented in subsequent filings to the Motion. *Id.* at 3.

On November 19, 2013, the Ford Retirement Plan Administrator filed Objections to the R&R. Doc. 32. In it, the Ford Retirement Plan Administrator first argues that the Magistrate Judge erroneously concluded that the Complaint alleged sufficient facts to satisfy the exhaustion of administrative remedies requirement necessary before filing an ERISA claim because he misapplied the applicable case law. *Id*. at 11–13. Second, the Ford Retirement Plan Administrator asserts that the Magistrate Judge erred by "declining to convert the motion to dismiss to a motion for summary judgment," and for not dismissing the Complaint in light of what the Ford Retirement Plan Administrator calls, "uncontroverted facts that establish that the statute of limitations period has lapsed." *Id*. at 13–18. Further, the Ford Retirement Plan Administrator asserts that Mr. O'Toole's reliance on the "continuing violations" theory is in vain because several Circuit courts have declined to apply the theory in the context of ERISA claims, and thus, the Court should also decline to do so now. *Id.* at 16.

On January 3, 2014, Mr. O'Toole filed his Objections Response with the Court (Doc. 36), which largely reiterates many of Mr. O'Toole's previous arguments and concurs with the R&R's

---

[2] Federal Rule of Civil Procedure 9(c) provides:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Fed. R. Civ. P. 9(c).

4

conclusions and reasoning. *Id.* However, Mr. O'Toole raises one new argument not previously asserted. *See id.* He claims that there has never been a final benefits determination rendered by the Ford Retirement Plan Administrator and that the statute of limitations would not commence until a determination was rendered. *Id.* at 5. Thus, because a benefits determination never occurred, the limitations period never began, and therefore cannot bar his claim. *Id.*

On January 29, 2014, the Ford Retirement Plan Administrator filed its Objections Reply in response to Mr. O'Toole's Objections Response. Doc. 39. In it, the Ford Retirement Plan Administrator claims that Mr. O'Toole contradicts himself by claiming to have exhausted all administrative remedies, and then later asserting that a final benefits determination was never reached. *Id.* ¶ 3. The Ford Retirement Plan Administrator asserts that these two positions are incompatible and that even if they are not, Mr. O'Toole's claim must fail because neither saves the claim from the statute of frauds. *Id.* ¶¶ 3–6.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

**III. DISCUSSION**

    **A. The Magistrate Judge Appropriately Limited its Scope of Review and Refrained from Converting the Motion to Dismiss to a Motion for Summary Judgment.**

Defendant argues in its Motion before the Court that the Complaint should be dismissed because it insufficiently pleads exhaustion of administrative remedies. Doc. 11. Subsequent filings, both before and after the R&R, have contained numerous additional arguments for dismissing the Complaint, or alternatively, for converting the Motion into a summary judgment motion. However, the Court agrees with the Magistrate Judge that these new arguments rely upon limited evidence extraneous to the pleadings, and given the early stage of the proceedings, it would be premature to consider them at this time. Doc. 30 at 3; *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) (stating that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them – there is no more formal step required."). The Magistrate Judge correctly excluded consideration of the affidavit and other communications at this stage of the litigation.

    **B. The Complaint Sufficiently Alleges Exhaustion of Administrative Remedies.**

The Ford Retirement Plan Administrator argues that Mr. O'Toole's allegation that he has "exhausted his administrative remedies by submissions to the [Plan] Administrator, to no avail" is "conclusory," because it is without facts that establish compliance with the internal claims and appeals process, and therefore, the Complaint must be dismissed. Doc. 11 at 2, 7. The Court rejects the argument that Mr. O'Toole must plead specificity for the condition precedent of exhaustion of administrative remedies.

In the Eleventh Circuit, a plaintiff must exhaust his or her administrative remedies before filing suit for benefits under ERISA, and plead such exhaustion in the complaint. *Variety*

*Children's Hosp. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160–61 (11th Cir. 1992). Ford Retirement Plan Administrator relies upon *Century* and *Variety Children's Hosp. v. Blue Cross/Blue Shield of Fla.*, 942 F. Supp. 562 (S.D. Fla. 1996), in support of its argument that Mr. O'Toole has insufficiently alleged exhaustion of administrative remedies, but these cases are readily distinguishable from the instant matter. Neither complaint in *Century* or *Blue Cross* contained allegations expressly addressing the exhaustion requirement, as is the case here. *See* Doc. 1 ¶ 16 ("The Plaintiff has exhausted his administrative remedies by submissions to the Administrator, challenging, to no avail, the benefits he was receiving and the amount set aside from Plaintiff's pension benefit to pay the former wife."); *Century*, 57 F.3d at 1042 n.2 ("alleging … 'all conditions precedent' or in the alternative that 'such conditions have been waived or excused' does not address the exhaustion requirement."); *Blue Cross*, 942 F. Supp. at 568 ("[a]t all times material hereto, the Plaintiff performed all obligations imposed on her by the contract of insurance in effect or, in the alternative, such conditions have been waived or excused.").

Additionally, the Ford Retirement Plan Administrator's Motion asserts, "Plaintiff must allege facts that establish that he complied with the Ford Retirement Plan Administrator's internal claims and appeals process." Doc. 11 at 2. Yet, as the Magistrate Judge notes, this assertion is without mention of supporting authority. *See* Doc. 30 at 6; Doc. 11. The Magistrate Judge found persuasive a recent case in this District where the court rejected such specificity when alleging exhaustion of administrative remedies. Doc. 30 at 6–7; *Markwart v. United Parcel Serv., Inc.*, Case No. 2:13-cv-186-FtM-38DNF, 2013 WL 3864347 at *5 (M.D. Fla. July 24, 2013) (finding that the plaintiff's claim that "she administratively exhausted her claim" was sufficient to survive

a motion to dismiss that asserted she had "failed to allege sufficient facts showing that she exhausted her administrative remedies.").

*Markwart* relied on the plain language of Rule 9(c) which, in relevant part, states: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. R. 9(c). In *Markwart*, the condition precedent at issue was the same as the one here – exhaustion of administrative remedies. 2013 WL 3864347 at *5. Here, like in *Markwart*, Mr. O'Toole alleges generally that he has exhausted his administrative remedies. *See* Doc. 1 ¶ 16. In *Markwart*, while citing to Rule 9(c), the court found it was too early in the proceedings "to dismiss based upon the Defendant's allegations that the Plaintiff failed to describe the steps taken to fulfill the administrative exhaustion requirements." *Markwart*, 2013 WL 3864347 at *5. In short, the record was not adequately developed. *See id.*; *see also WSB-TV,* 842 F.2d at 1269. Such is the case here. The Court agrees with the Magistrate Judge that *Markwart* is persuasive. Doc. 30 at 7. Therefore, accepting Mr. O'Toole's allegation of exhaustion of administrative remedies as true, the Court finds the pleadings to be sufficient.

In the Objections to the R&R, the Ford Retirement Plan Administrator tries to distinguish *Markwart* by pointing out that the plaintiff in that case did not submit additional evidence as has been done in this case. Further, the Ford Retirement Plan Administrator notes that *Markwart* relies upon *Smith v. Williams*, 819 F. Supp. 2d 1264, 1270 (M.D. Fla. 2011), which found a general exhaustion allegation satisfactory only after referring to the plan's documents. *See* Doc. 32 at 13. From this, the Ford Retirement Plan Administrator asserts that the Court must evaluate the sufficiency of exhaustion allegations in light of the plan itself. *Id.* at 12-13.

The Court does not agree with such an interpretation, as nothing in *Smith* states such a proposition. The Court notes that, generally, review of a motion to dismiss is limited to the four

corners of the complaint, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009), and as acknowledged in the Ford Retirement Plan Administrator's Motion, the Court's consideration of documents like the plan is discretionary. Doc. 11 at 4 (citing *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1330 n. 7 (11th Cir. 2006) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court *may* consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal")) (emphasis added). Thus, it is within this Court's discretion to consider only the four corners of the Complaint, notwithstanding subsequent filings in this case.

## IV.   CONCLUSION

After careful consideration of the Magistrate Judge's Report and Recommendation, in conjunction with an independent examination of the court file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 30) is **ADOPTED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. Defendant Ford Motor Company, General Retirement Plan Administrator's Motion to Dismiss Plaintiff Raymond J. O'Toole, Jr.'s Complaint (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

9

Copies furnished to:

Counsel of Record
United States Magistrate Judge Gregory J. Kelly